UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-40078 |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE |
| KEVIN JAY MAST, | |
| Defendant. | |

The United States of America submits this response to both of the Defendant's Motions in Limine to exclude Government Expert Witnesses. DOC 23, 27.

**1. Background**

Before the Defendant was charged with a crime, he had retained a consultant Wes Boll on this matter. During one of the meetings between the parties to negotiate a resolution of this matter, the Defendant's consultant was present. At the meeting, Wes Boll provided aerial photographs that he had reviewed prior to the meeting, all of which are publicly available on the internet.

After the Defendant was charged, the Government provided curricula vitae for experts Charles Loesch, Mark Wiltermuth, and Michael Estey on November 1, 2017, which included their addresses, education, employment experience and publications. DOC 16, 17 & 26 attachments. The Government provided formal notices of expert witnesses Loesch, Wiltermuth on January 4, 2017. DOCS 16 &

˘1˘

17. Upon receiving Defendant's objection on January 9 (DOC 22), the Government filed a Notice of Expert Witness Michael Estey. DOC 26. Prior to receiving Defendant's Motion in Limine to exclude the testimony of Loesch and Wiltermuth, the Government was unaware of Defendant's objections to their testimony.

**2. Expert testimony.**

It is the Government's position that the notices for all three experts were timely and adequate. Furthermore, the subject matter of all three are relevant to the issues for the jury to decide.

The easement [1] provides that "the lands described below contain or include small wetland or pothole areas suitable for use as waterfowl production areas." The easement further provides that the parties to the easement agree that they will cooperate in the maintenance of the aforesaid lands as a waterfowl production area by not "draining" them.

The testimony of wildlife biologist Charles Loesch is relevant to explaining to the jury how the surface water contained on the land is, and was in 1973, useful as a waterfowl production area. Similar testimony was found to be useful in the case of *United States v. Albrecht*, 496 F.2d 906, 908-09 (8th Cir. 1974). There, a wildlife biologist explained how the usefulness of the land as a waterfowl production area had been significantly reduced by draining the affected areas.

---

1 Attached as Exhibit 1.

*Id.* at 909. The proposed testimony of Loesch goes towards the elements of proving the wetland areas were injured and damaged.

As to the element that the Government must prove that the affected areas existed at the time of the conveyance, both Wiltermuth and Estey offer relevant evidence about their ability to identify evidence of wetland areas from aerial photography. Testimony from Wiltermuth or Estey is not unfair or prejudicial to the Defendant, who already has an expert, Wes Boll. The notice of expert witness Wes Boll, DOC 18, indicates that he conducted his own review and analysis of aerial photographs as well as visited the land. DOC 18, page 2.

### 3. Recurrence.

The Defendant also objects to certain subject matter being offered by any of the Government's proposed expert witnesses. DOC 27, 28. Specifically, the Defendant objects to evidence about the recurrence of wetland areas. DOC 28, pages 5-6. However, the recurrence of surface water is specifically provided for in the terms of the easement. The easement states that it applies to "any surface water including lakes, ponds, marshes, sloughs, swales, swamps, or potholes, now existing or *recurring* due to natural causes on the above-described tract." (emphasis added). Therefore, by the terms of the easement, the recurrence of surface water on the property is relevant. The testimony of Wiltermuth and Estey, in part, will discuss how surface water recurs and how evidence of it appears on aerial photography.

Michael Estey, as stated in his curriculum vitae, has over 20 years of employment experience of analyzing satellite and aerial photography to identify wetland areas. From 1992 through 1998, Estey conducted thousands of visits to wetlands to collect photo signatures for wetland photo interpretation in seven states including South Dakota. For 19 years, Estey worked as a wildlife biologist and geographic information system specialist, where his duties included analyzing satellite and aerial photography to identify wetland and upland vegetative communities. In his current position as the Deputy Chief of Wildlife Service in Fergus Falls, Minnesota, Estey supervises staff that analyze satellite and aerial photography to identify wetland communities.

The Defendant is incorrect to state that the Government intends to argue that the easement covers wetland areas "that may not have been present when the easement was conveyed." DOC 28, pages 5-6. One of the elements of the case is that "identifiable wetlands existed at the time the easement was conveyed." No witness for the Government has claimed that wetland areas that did not exist at the time the easement was conveyed should now be included. It is the Government's position that seven areas existed in 1973 on the tract of land involved in this case. The testimony of the witness will be that there is evidence of the existence of those seven areas exhibited in aerial photos taken on the land before and after the time of conveyance in 1973. "The Government does 'not need to legally describe the confines of each covered wetland under the pre-1976

easements." *United States v. Peterson*, 632 F.3d 1038, 1042 (8th Cir. 2011) (quoting *United States v. Johansen*, 93 F.3d 459, 467 (8th Cir. 1996)).

The review of historical aerial photography is a reliable and proper method of identifying wetland areas in existence at the time of the conveyance. *United States v. Peterson*, 632 F.3d at 1041. In that case, the Government offered the testimony of United States Fish and Wildlife Service wildlife biologist Mike Estey. *Id.* (the same Mike Estey offered in this case.) Using an aerial photograph taken four years before the easement was conveyed, Estey testified that the "wetlands depicted in the 1962 aerial photograph were of the same approximate size, shape, and location of the drained wetlands." *Id.* Estey also testified as to how the wetlands depicted in the 1962 aerial photograph aligned closely with a 1973 map drawn by the Defendant. *Id.* The Court concluded "the photographic evidence, maps, and expert testimony taken together amount to substantial evidence that the drained wetlands on Section 15 existed at the time of the easement's conveyance in 1966." *Id.*

Not only was Mike Estey qualified to testify, his review of photographs in combination with maps was determined by the Court to be "substantial" evidence of the existence of wetlands at the time of the easement. Noticeably absent from the Court's discussion and determination was the need for a "wetland delineation" under the regulations of the Natural Resource Conservation Service. As discussed in the Government's Second Motion in Limine, DOC 31, "wetland delineation" is unnecessary and irrelevant to the issues in this case.

For all of the above stated reasons, the Government resists the Defendant's Motions, and requests that they be denied.

Dated and filed electronically this 15th day of January, 2018.

RONALD A. PARSONS, JR.
United States Attorney


    /s/ JEFFREY C. CLAPPER
Jeffrey C. Clapper
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2351
Facsimile: (605)330-4410
E-Mail: jeff.clapper@usdoj.gov
